Farid v. Barr

BIA
Lamb, IJ
A079 713 969

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

MUHAMMAD ABDUL FARID, AKA
MOHAMMAD ABDUL FAREED,

> *Petitioner,*

> v.                                        17-2969
>                                           NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          Sanjay Chaubey, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant

Attorney General; Keith I. McManus, Assistant Director; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Muhammad Abdul Farid, a native and citizen of Pakistan, seeks review of an August 25, 2017 decision of the BIA affirming a March 13, 2017 decision of an Immigration Judge ("IJ") denying his motion to reopen. *In Muhammad Abdul Farid,* No. A079 713 969 (B.I.A. Aug. 25, 2017), *aff'g* No. A079 713 969 (Immig. Ct. N.Y. City Mar. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case, and the issues on appeal.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien generally may file one motion to reopen no later than 90 days after the final administrative decision is rendered.

2

8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1).  It is undisputed that Farid's motion was untimely because he filed it more than ten years after an IJ ordered him removed.  As discussed below, he failed to establish that either ineffective assistance of counsel or lack of notice excused his late filing.

**Ineffective Assistance**

An untimely motion to reopen may be excused based on ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008).  To prevail on an ineffective assistance claim, an alien must substantially comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), which include setting forth the agreement with former counsel, notifying former counsel of the allegations, and filing a complaint with a disciplinary authority. *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). "[A]n alien who has failed to comply substantially with the *Lozada* requirements in h[is] motion to reopen before the BIA forfeits h[is] ineffective assistance of counsel claim in this Court." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005).

Farid alleged that his former counsel failed to inform

3

him of his removal order. Because Farid concedes that he did not satisfy any of the procedural requirements, he has forfeited this ineffective assistance claim. *Id.* Although he argues that he was not required to comply because the ineffective assistance is clear from the record, the record belies this claim. *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir. 2007) (finding substantial compliance with *Lozada* when relevant facts were clear on record, IJ explicitly relied on counsel's competence, and counsel was "subsequently disbarred for malpractice as an immigration attorney"). The record reflects that Farid had personal notice of his October 2006 hearing because the date was set at a prior hearing at which he was present. Moreover, as the BIA found, there is nothing in the 2006 removal order to indicate that it was entered in absentia, reflecting that Farid was also present when the oral decision was read. Farid also argues that he could not comply with *Lozada* because he did not know his prior counsel's name or address, but counsel's name and address were listed on a hearing notice and therefore were available to Farid.

**Notice of Hearing**

Nonetheless, assuming *arguendo* that the order was entered

4

in absentia, the 90-day time limitation may still be excused if Farid did not receive proper notice of his hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). However, the hearing notice in the record reflects that it was provided in writing at the hearing and that Farid was given oral notice in a language he understood. *See* Certified Administrative Record at 85-86. Such notice is sufficient. *See* 8 U.S.C. § 1229(a)(2)(A) (written notice provided in person specifying time and place of new hearing sufficient).

**Sua Sponte Reopening**

Although the agency has the authority to reopen an immigration proceeding sua sponte even if the motion is untimely, 8 C.F.R. § 1003.2(a); 8 C.F.R. § 1003.23(b)(1), we lack jurisdiction to review the agency's "entirely discretionary" decision not to exercise that authority, *Ali*, 448 F.3d at 518. Although we may remand if the agency "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," that exception does not apply here because the agency simply found that Farid did not present exceptional circumstances that would warrant reopening. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA

5

1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship.").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in remaining part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court